PER CURIAM.
The final summary judgment under review is reversed and the cause is remanded to the trial court for further proceedings. We reach this result based on the following, briefly stated legal analysis.
First, we conclude as a matter of law — contrary to the able argument of ap-pellees’ counsel — that upon the purchase of the assets of J.T.P. of Florida, Inc. [JTP], a predecessor corporation, by the defendant Davey Insurance Associates, Inc. [Davey], pursuant to the purchase and sale agreement between the parties, Davey assumed JTP’s liability for the negligence of David Norton, as agent of the said predecessor corporation, in misfiling the subject suit papers herein. Second, we conclude as a matter of law that there is coverage under the subject insurance policy which the defendant Davey had with the defendant Equity General Insurance Co. for the above-stated liability. Third, we conclude that there is a genuine issue of material fact— which should be tried upon remand — as to the plaintiff P. Tavilla Company’s [Tavilla] comparative negligence in allegedly failing to inquire of the defendant Davey as to the status of the lawsuit which had been filed against Tavilla and which ultimately resulted in a default judgment. See Holl v. Talcott, 191 So.2d 40 (Fla.1966); Fla.R.Civ.P. 1.510(c).
Reversed and remanded.